The opinion of the Court was delivered by
O’Neall, C. J.
In this case I concur in the decree of the Chancellor.
The single question presented by the grounds of appeal is, “that the Court of Equity has no jurisdiction in the premises.”
The Court of Equity has jurisdiction to prevent the assertion of a legal right, against a plain equitable right. This principle is as old as the Court, and has been asserted and carried out in innumerable cases.
Here the party complainant is in possession, under a purchase from the alleged distributees of the deceased, nine years before the administration of the defendant. This in *540 testate died seventeen years before the grant of administration. She was in her lifetime unhealthy and idiotic, and at her death was free from debt, as alleged in the bill. Taking this case, it is plain that the complainant has made out a case entitling him to the relief of the Court of Equity. The case of Marsh and wife vs. Nail and others, Rich. Eq. Cas., 115, is a conclusive authority in his favor.
But it is supposed that Brown vs. Dickinson, 10 Rich. Eq., 408, stands in his way. I do not think so. In that case the complainant’s right depended upon a deed which was supposed to constitute a separate estate in Mrs. Sessions, his grantor. The bill sought a discovery of that which he did not obtain. That closed the Court of Equity against him ; and the case was properly left for the Law Court. There is no such difficulty in this case.
The defendant’s answer sets up no debts ; after a lapse of seventeen years, and from the condition of the intestate, the presumption is she owed none. The only contest set up is as to the legitimacy of two of the children of Arthur Bird and Elizabeth, his wife, (sister and brother of the intestate.) This question cannot be tried in the action at law; it must be tried in the Court of Equity, where the case is brought by the complainant. There can be no propriety, under these circumstances, of allowing the defendant to litigate at law, and disturb the complainant’s possession. The circuit decree of Chancellor Dunkin is affirmed.
Johnstone and Wardlaw, JJ., concurred.

Decree affirmed.